UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| SCOTT E. POOLE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 1:17-cv-288-JRG-SKL |
|  | ) |  |
| STATE OF TENNESSEE,[1] | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

Before the Court are Petitioner's "motion for relief from judgement or order [under] Rule 60(b)" [Doc. 2], and motion for leave to proceed *in forma pauperis* [Doc. 1].

Under the Prison Litigation Reform Act ("PLRA"), any prisoner who files a complaint in a district court must tender the full filing fee or file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period. 28 U.S.C. § 1915(a)(2). However, no certified inmate trust account is required for actions under § 2254. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). For purposes of the instant case, Petitioner submitted a fully compliant application to proceed *in forma pauperis* on October 16, 2017 [Doc. 1], and it appears from that application that he lacks sufficient financial resources to pay the $5.00 filing fee. Petitioner's motion for leave to proceed *in forma pauperis* [Doc. 1] is therefore **GRANTED**, and the Clerk is **DIRECTED** to file this action without the

---

[1] As Petitioner is incarcerated at the Bledsoe County Correctional Complex ("BCCX"), the proper Respondent is the Warden, Darren Settles. Rule 2(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts. Accordingly, the Clerk is **DIRECTED** to substitute Darren Settles as Respondent in this matter.

prepayment of fees and serve a copy of the petition for a writ of habeas corpus and this Memorandum and Order upon Respondent.

Although Petitioner characterizes the action as a motion to alter or amend judgment under Rule 60 of the Federal Rules of Criminal Procedure, the pro se filing challenges Petitioner's 2014 guilty plea in the Bradley County Criminal Court, claiming that "[t]he judgment of conviction and sentence of 8 years . . . was achieved by misrepresentation and prosecutor[ial] misconduct" [Doc. 2 at 1, 4]. Additionally, Petitioner challenges the dismissal of his motion for state post-conviction relief and his petition for a writ of habeas corpus pursuant to Tenn. Code Ann. § 29-21-101 [*Id.* at 2–8]. Therefore, after review of the arguments asserted in Petitioner's motion, the Court finds that the instant motion was intended as a petition for habeas corpus relief under 28 U.S.C. § 2254.

However, Petitioner's filing is not in compliance with the Rules Governing Section 2254 Cases. Rule 2(c) of the Rules Governing Section 2254 Cases controls the form of petitions for a writ of habeas corpus, and requires a petitioner to identify each claim on a specified form in a short and plain manner. A petition must substantially follow the form appended to the Rules Governing Section 2254 Cases or a form prescribed by a local district-court rule. *See* Rule 2(d) of the Rules Governing Section 2254 Cases. Petitioner has failed to substantially follow an approved form in attempting to set forth his grounds for relief pursuant to § 2254, instead filing only a three-page motion with excerpted portions of the record in his state court proceedings [Doc. 2]. Petitioner's motion fails to include much of the procedural, factual, and substantive information requested on a standard form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Accordingly, because this petition is insufficient under Rule 2(d), Petitioner must submit a corrected petition. *See* Advisory Committee Note to 2004 Amendment to Rule 2, Rules Governing Section 2254 Cases. The Clerk is **DIRECTED** to send Petitioner a preprinted form used in this

Court to file a proper § 2254 petition. Petitioner is **ORDERED** to complete this form petition in compliance with Rule 2 of the Rules Governing Section 2254 Cases, and to file the full, completed petition within **thirty (30) days** of the date on this Order. Petitioner's failure to comply with this Order within the allotted time frame may result in the dismissal of this action for failure to prosecute and/or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b).

Respondent is hereby **ORDERED** to answer or otherwise respond to the petition **within thirty (30) days** from the date upon which Petitioner files his form § 2254 petition. Respondent should specifically address the timeliness of Petitioner's claims and the issue of whether Petitioner has exhausted his available state court remedies. *See* 28 U.S.C. § 2244(d), 2254(b).

**SO ORDERED.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
