UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SCOTT E. POOLE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 1:17-CV-00288-JRG-SKL |
| DARREN SETTLES, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 5]. Now before the Court are Respondent's motion to dismiss the petition as time-barred [Doc. 12] and Petitioner's motion to strike that motion [Doc. 16], which the Court liberally construes as a response in opposition to the motion to dismiss. For the following reasons, Respondent's motion to dismiss [Doc. 12] will be **GRANTED**, Petitioner's motion to strike [Doc. 16] will be **DENIED as moot**, and this action will be **DISMISSED**.

### I. PROCEDURAL HISTORY

On February 17, 2015, pursuant to Petitioner's plea of guilty, the Circuit Court for Bradley County entered a judgment against Petitioner for one count of felony aggravated robbery [Doc. 11-2 at 68]. Petitioner did not appeal this conviction. On December 29, 2015, however, Petitioner filed a pro se petition for post-conviction relief with the Bradley County Criminal Court [Doc. 11-1 at 1], which the court dismissed on April 25, 2016, pursuant to Petitioner's voluntary dismissal thereof [Doc. 11 at 32].

Next, on April 26, 2017, Petitioner filed a petition for habeas corpus relief in the Bradley County Criminal Court [Doc. 11-2 at 85]. On May 4, 2017, the court dismissed this petition [*Id.*].

1

On September 13, 2017, the Tennessee Court of Criminal Appeals dismissed Petitioner's appeal of this dismissal pursuant to Petitioner's voluntary dismissal thereof [Doc. 11-3 at 1].

On October 9, 2017, Petitioner filed a motion for relief from judgment or order pursuant to Rule 60(b) with this Court [Doc. 2 at 1–3], which the Court liberally construed as a petition for a writ of habeas corpus [Doc. 4]. The Court ordered Petitioner to file a corrected habeas petition [Doc. 4 at 2–3] and Petitioner complied [Doc. 5].

On July 23, 2018, Respondent filed a motion to dismiss this petition as time-barred [Doc. 12], as well as the state court record [Doc. 11]. On August 20, 2018, Petitioner filed a motion to strike Respondent's motion to dismiss, which, as set forth above, the Court liberally construes as a response in opposition to the motion to dismiss [Doc. 16]. In this motion, Petitioner argues that (1) Respondent failed to address the fact that he filed an appeal of the dismissal of his state court petition for a writ of habeas corpus; (2) he was denied his constitutional right to an appeal because the state court did not appoint him counsel to file such an appeal; (3) there was no law library or legal aid in the jail where he was held for the six months after his guilty plea before he was transferred to prison; (4) he was improperly informed as to the dismissal of his post-conviction petition; (5) his state court habeas petition was dismissed without an evidentiary hearing; and (6) a document in his state court record amounts to newly-discovered evidence that entitles him to equitable tolling of the statute of limitations [Doc. 16 at 2–3].

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq.*, provides a one-year statute of limitations for the filing of an application for a federal writ of habeas corpus. The statute provides, in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review . . . . or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . . ," however. 28 U.S.C. § 2244(d)(2).

For AEDPA purposes, Petitioner's convictions became final on March 19, 2015, the day on which Petitioner's time to file an appeal of the judgment against him expired. *See*, *e.g.*, *Feenin v. Myers*, 110 F. App'x 669 (6th Cir. 2004) (citing Tenn. R. App. P. 4(a)) (providing that where a Tennessee petitioner did not pursue a direct appeal, his state court conviction is deemed "final" upon the expiration of the thirty-day time-period during which he could have done so).

As set forth above, however, two-hundred and eighty-five days after his convictions became final, on December 29, 2015, Petitioner filed a pro se petition for post-conviction relief in the state court [Doc. 11-1 at 1, 10]. As such, Petitioner's AEDPA clock stopped on that date and did not begin again until April 26, 2016, the day after the court dismissed this petition pursuant to Petitioner's voluntary dismissal thereof [Doc. 11 at 32]. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

Accordingly, on April 26, 2016, Petitioner had eighty days, or until July 15, 2016, to file (1) a properly filed application for State post-conviction or other collateral review to again stop

the AEDPA clock; or (2) to file a timely § 2254 petition. Petitioner, however, did not do either. As such, Petitioner's statute of limitations for filing a timely § 2254 petition ran on July 15, 2016.[1]

Also, to the extent that Petitioner asserts that the document attached to his motion to strike the motion to dismiss in which the prosecutor stated that "[i]t is clear from the discovery that the victim said she couldn't know who the Defendant was" [Doc. 16-1] is newly-discovered evidence that supports finding that his § 2254 petition is timely under § 2244(d)(1)(D), Petitioner sets forth no factual support or context for this statement under which the Court could find that the statement entitles Petitioner to relief under § 2254. Specifically, while Petitioner states that no factfinder would have found him guilty in light of this statement [Doc. 16 at 3], Petitioner did not have a trial, but rather pleaded guilty, and Petitioner sets forth no claim for relief under § 2254 based on this document. As such, Petitioner's assertion that this document is newly-discovered evidence does not support finding that Petitioner has presented any timely § 2254 claim to this Court.

Further, as set forth above, Petitioner asserts that he is entitled to equitable tolling of the statute of limitations for his § 2254 on various grounds. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioners have the burden of demonstrating that they are entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662

---

[1] While, as set forth above, Petitioner did file a petition for a writ of habeas corpus with the state court on April 26, 2017 [Doc. 11-2 at 85], neither this habeas petition nor Petitioner's later appeal of the dismissal thereof revived the AEDPA clock. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run").

F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562). "The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman*, 346 F.3d at 604 (citations and internal quotations marks omitted).

Petitioner's remaining arguments that he is entitled to equitable tolling are his statements that (1) he was denied his constitutional right to an appeal due to not having counsel appointed after his guilty plea to file such an appeal; (2) he did not have access to a law library or legal aid in the jail where he was held for six months after his guilty plea before he was transferred to prison; (3) he was improperly informed as to the dismissal of his post-conviction petition; and (4) that his state court habeas petition was dismissed without an evidentiary hearing.

First, Petitioner filed a waiver of his right to file an appeal with his guilty plea [Doc. 11-2 at 66] and nothing in the record suggests that Petitioner requested appointment of counsel for an appeal or that the state court otherwise was required to appoint appellate counsel for Petitioner. Moreover, the fact that the state court did not appoint Petitioner counsel to file a state court appeal of his conviction is irrelevant to Petitioner's ability to file a timely § 2254 petition.

Further, while Petitioner alleges he was denied access to a law library for six months after his conviction, Petitioner had a year to file a timely § 2254 petition, and Petitioner sets forth no reason that he could not have done so in the remaining six months after he was transferred. Further, the Sixth Circuit has held that "an inmate's lack of legal training, his poor education, [and] even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citations omitted).

Lastly, Petitioner's conclusory assertions that he was improperly informed as to the dismissal of his post-conviction petition and that his state court habeas petition was dismissed without an evidentiary hearing do not support a finding that Petitioner diligently pursued his rights and some extraordinary circumstance prevented him from filing a timely § 2254 petition.

Accordingly, Respondent's motion to dismiss the § 2254 petition as time-barred [Doc. 12] will be **GRANTED**, Petitioner's motion to strike [Doc. 16] will be **DENIED as moot**, and this § 2254 petition [Doc. 5] will be **DISMISSED**.

Finally, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porterfield v. Bell*, 258 F.3d 484, 485–86 (6th Cir. 2001). As reasonable jurors would not debate the correctness of the Court's ruling that the § 2254 is time-barred and Petitioner has not established that he is entitled to equitable tolling, a COA will not issue.

### III. CONCLUSION

For the reasons set forth above:

1. Respondent's motion to dismiss the § 2254 petition as time-barred [Doc. 12] will be **GRANTED**;

2. Petitioner's motion to strike the motion to dismiss [Doc. 16] will be **DENIED as moot**;

3. This action will be **DISMISSED**; and

4. A COA shall not issue.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE